JOE ADAMS, *Appellant,* v. THE CITY OF WICHITA,
*Appellee.*

No. 17,494.

SYLLABUS BY THE COURT.

DAMAGES — *Diverting Watercourse — Consistent Findings—Evidence.* Special findings of fact considered and held to be consistent with each other, to be supported by the evidence and to be conclusive against the appellant.

Appeal from Sedgwick district court, division No. 1. Opinion filed February 8, 1913. Affirmed.

*Adams & Adams,* both of Wichita, for the appellant.

*Dale & Amidon,* and *Earl Blake,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: A meandering stream called Chisholm creek formerly flowed in a southerly direction through the eastern portion of the city of Wichita and emptied into the Arkansas river some miles south of the city limits. In the year 1907 the city constructed a canal for the purpose of straightening the creek and more effectually draining the territory tributary to it. The canal was in fact substituted for the creek between twenty-first street and Zimmerly street, a distance of three and three-quarters miles. The canal has the same fall as the creek between the streets named but has only half the length of the creek and has some five and one-half times the carrying capacity. At Zimmerly street the canal empties into the creek, which again pursues a meandering course to its outlet.

The plaintiff owns land near the point at which the water of the canal returns to the creek, which he devotes to market gardening. On May 31 and June 1, 1908, following a rainstorm, this land was flooded, to the plaintiff's injury. He sued the city for damages on

the theory that the canal brought down quantities of water from the vicinity of its source with such rapidity that the crooked creek below could not take care of it. The action was tried before a jury which returned special findings and a general verdict adverse to the plaintiff. Judgment was rendered accordingly and the plaintiff appeals.

Among the special findings returned by the jury are the following:

"Q. 1. Were the plaintiff's crops inundated with water on or about the 31st of May or the 1st of June, 1908? A. Yes.

"Q. 5. Were plaintiff's crops wholly or partially destroyed by water on May 31, or June 1st, 1908, for which damages are claimed in this action? A. Partially.

"Q. 6. If you answer the foregoing question affirmatively, state whether the water that destroyed or partially destroyed the plaintiff's crops was overflow water from the mouth of the drainage canal. A. Partially.

"Q. 7. Did the waters from the drainage canal directly contribute to or cause the damage to the plaintiff's crops by overflow on May 31st or June 1st, 1908? A. No.

"Q. 8. Were the plaintiff's crops wholly or partially destroyed by water coming from the mouth of the drainage canal on May 31st or June 1, 1908? A. Partially.

"Q. 12. On May 31st or June 1st, 1908, were the premises and country at or near the mouth of the drainage canal inundated by water flowing out of the drainage canal? A. Partially.

"13. Q. On May 31, 1908, was the district in the northeast part of the city of Wichita, and at or near Twenty-first street, overflowed with surface water? A. Yes.

"14. Q. Was there an unprecedented flow of water in the vicinity of the drainage canal and on plaintiff's property on May 31, and June 1, 1908? A. Yes.

"15. Q. Did Dry creek empty into Chisholm creek, south of the drainage canal and north of where the Santa Fe railway crossed Chisholm creek on May 31, 1908? A. Yes.

"16. Q. Did Gypsum creek empty into Chisholm creek south of the drainage canal and north of where

the Santa Fe railway company crossed said Chisholm creek on May 31, 1908? A. Yes.

"17. Q. Was Gypsum creek high and out of its banks on May 31, 1908? A. Yes.

"18. Q. If you answer the foregoing question in the affirmative, state the cause of Gypsum creek being high and out of its banks on said date. A. By excessive rainfall.

"19. Q. Was Dry creek high and out of its banks on May 31, 1908? A. Yes.

"20. Q. If you answer the foregoing question in the affirmative, state the cause of Dry creek being high and out of its banks on May 31, 1908. A. By excessive rainfall.

"36. Q. Was the plaintiff's property destroyed in part by the removing and distributing of surface water flowing in the city of Wichita through said drainage canal? A. No.

"39. Q. On May 31, and June 1, 1908, did any water empty into said canal except surface water? A. No."

Findings numbered 7 and 36 are obviously conclusive against the plaintiff. It is claimed that these findings are not in accord with the evidence, but there is ample evidence to sustain them. It is further claimed that these findings are incompatible with those numbered 6, 8 and 12, wherein it is stated that part of the water which covered the plaintiff's premises and destroyed his crops came from the mouth of the canal. The meaning of the jury, however, is plain and consistent. The rainfall was so excessive that the various watercourses of the territory affected were unable to take care of· it. The district in the northeast part of the city in the vicinity of the origin of the canal and the country about its mouth were alike flooded, causing an unprecedented flow of water. Commingled with the waters on the plaintiff's premises were some which the canal brought down, but the inundation took place notwithstanding the action of the canal. If Chisholm creek had not been straightened it would have been out of its banks like Gypsum creek and Dry creek and the

plaintiff's crops would have been injured just the same.

Since the special findings of fact preclude recovery by the plaintiff, it is not necessary to consider the errors assigned respecting instructions given and refused.

The judgment of the district court is affirmed.